

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00440-CR

Casey Farell **MARSHALL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR6051
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:     Lori Massey Brissette, Justice
             Adrian A. Spears II, Justice
             H. Todd McCray, Justice

Delivered and Filed: July 29, 2026

DISMISSED

Appellant's brief was originally due October 17, 2025. Neither the brief nor a motion for extension of time to file the brief was filed. On November 12, 2025, this court notified appellant that the brief had not been filed and directed him to file, no later than November 24, 2025, the appellant's brief and a response stating a reasonable explanation for failing to timely file the brief. Our order cautioned appellant that if he failed to file an adequate response by that date, this appeal would be abated to the trial court for an abandonment hearing. *See* TEX. R. APP. P. 38.8(b)(2). We

received no written response to our order. Therefore, we abated this appeal, and the trial court held an abandonment hearing. A record of the hearing and findings made by the trial court during the hearing have been filed in this court.

During the abandonment hearing, appellant orally represented to the trial court that he no longer wishes to prosecute this appeal. Following the abandonment hearing, we reinstated this case to our active docket and ordered appellant to file a motion in accordance with appellant's wishes that comply with the Texas Rules of Appellate Procedure. *See id.* R. 42.2(a). Subsequently, appellant's counsel, Adam LaHood, filed a letter motion seeking to dismiss this appeal explaining "Mr. Marshall no longer wishes to pursue the appeal and requests that the matter be dropped. I advised Mr. Marshall of his right to appeal the trial Court's decision and visited with him to discuss the matter in depth as recently as May of this year, and he does not wish to proceed forward." However, the motion is not signed by appellant. *See* Tex. R. App. P. 42.2(a).

Texas Rule of Appellate Procedure 42.2(a) provides that in a criminal case, "[a]t any time before the appellate court's decision, the appellate court may dismiss the appeal upon the appellant's motion. The appellant *and* his or her attorney must sign the written motion to dismiss[.]" *See id.* (emphasis added). However, strict compliance with this Rule is not required, as Rule 42.2(a)'s signature requirement may be suspended in appropriate circumstances. *See id.* R. 2; *Hartsell v. State*, 143 S.W.3d 233–34 (Tex. App.—Waco 2004, no pet.) (mem. op.) (per curiam) (suspending requirement where appellant represented he no longer wished to pursue appeal).

Here, appellant's letter motion does not strictly comply with Rule 42.2(a)'s requirements. However, in light of appellant's oral representations to the trial court during the abandonment hearing that he no longer desires to pursue this appeal, we suspend Rule 42.2(a)'s requirement that

the defendant sign the motion to dismiss under these circumstances and grant the motion to dismiss. *See* TEX. R. APP. P. 2, 42.2(a).

PER CURIAM

DO NOT PUBLISH